UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM R. KEEL, | ) |
| Plaintiff, | ) No. 3:14-cv-00456 |
| | ) Chief Judge Haynes |
| v. | ) |
| METRO GOVERNMENT, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff, William R. Keel, an inmate at the Metropolitan Nashville Davidson County jail filed this pro se action under 42 U.S.C. § 1983 against Defendants: the Metro Government, the State of Tennessee, Wilson County, the Lebanon Police Department, Scotty Yates, and the Davidson County Sheriff's Office. (Docket No. 1).

According to his complaint, in 2013 Plaintiff was arrested in a Walgreens parking lot. Plaintiff alleges that his arrest was due to a false complaint made by Scotty Yates who, at that time, was a probation officer for Davidson County, Tennessee. Id. at 3-4. During his arrest, the officer "twisted [the plaintiff's] arm with such force he ripped [the] cartilage around [the plaintiff's] ribbs [sic] and cracked one." Id. at 3. Plaintiff alleges that he told the officer that his back was hurting, but the officer persisted. Id. Plaintiff alleges that, while he was awaiting release, he told the people in charge at the facility that he was in pain and they laughed at him, refusing to treat him. Id. at 4. After his release on bond, Plaintiff went to a hospital, where he received treatment for a cracked rib. Id. at 3. The Plaintiff seeks "an amount to be determined" for his pain and suffering and reimbursement for his medical treatment. Id. at 4.

1

As a prison complaint, the Court must conduct an initial review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. For a claim under 42 U.S.C. § 1983, Plaintiff must allege deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-56 (1978).

As to the Defendants, State of Tennessee, the Davidson County Sheriff's Office, the Lebanon Police Department, and the Metro Government, these Defendants cannot be sued in a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) (the State or state agency); Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983). Therefore, the Plaintiff's claims against these Defendants must be dismissed.

As to Defendant Wilson County, Tennessee, Plaintiff must allege facts suggestive of a policy or custom of Wilson County or its agent that caused his injury. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. Department of Social Servs., 436 U.S. 658, 690-691 (1978). Plaintiff does not allege any facts suggestive of a policy or regulation of Wilson County. Thus, Plaintiff's claim against Wilson County should be dismissed.

The remaining Defendant is Scotty Yates, who is named in his official and individual capacities. Yates is alleged to be a probation officer in Davidson County, Tennessee. Yet, a probation officer is employed by a Court and is entitled to *quasi*-judicial immunity. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).

The Plaintiff's complaint also alleges that the Plaintiff needed medical care for his cracked

rib on the night of his arrest and detention but no medical care was provided to him. (Docket No. 1 at 4). The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). The Court therefore finds that the Plaintiff's allegations state an actionable claim under § 1983 for the denial of medical treatment for the Plaintiff's cracked rib.

Yet for his denial of medical care, Plaintiff has not identified any individual who is allegedly responsible for denying or delaying his medical treatment. Plaintiff's complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the claims against him or her. Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir. 1982).

Thus, the Court concludes that Plaintiff's complaint against these Defendants must be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 2nd day of October, 2014.

William J. Haynes, Jr.
United States District Judge